*A. L. Smith, D. L. Beall* and *Charles E. Longwell,* for defendant in error.

---

## STATUS UNDER THE MUNICIPAL CODE OF HAMLETS WHICH HAVE NOT BEEN REORGANIZED AS VILLAGES.

[Hamilton County Circuit Court.]

THE HAMLET OF NORTH BEND v. THE CINCINNATI, LAWRENCE-BURG & AURORA ELECTRIC STREET RAILROAD CO.

Decided, September 12, 1903.

*Hamlets—Become Villages Under the Municipal Code of 1902, how— Classification of, under Sections now Repealed was Constitutional— The Repeals do not Destroy Hamlets Already in Existence— Control of Streets by Trustees.*

1. While the classification of certain villages as hamlets was abolished by the Municipal Code of 1902, the legal existence of these corporations, subject to re-organization, continues undisturbed, and it requires no act of the corporation to effect a transfer from hamlet to village.
2. The repeal of Sections 1550 and 1552 prevents the creation of additional hamlets, but does not destroy those already in existence.
3. The statutes pertaining to hamlets prior to the enactment of the present Municipal Code evince no purpose of preventing others from entering that class, and are therefore not within the inhibition as to special legislation.
4. The ownership of land abutting on both sides of a street does not divest the trustees of a hamlet of control over the entire street.

302 ·CIRCUIT COURT· REPORTS—NEW· SERIES....

Hamlet of North Bend v. C., L. & A. E. St. R. R. [Vol. I, N. S.

GIFFEN, J.; SULLIVAN, J., concurs.

The plaintiff seeks to enjoin the defendant railroad company from constructing and operating a railroad over and across, certain streets within the corporate limits without having first obtained the consent of the plaintiff. The court of common pleas allowed a temporary restraining order and afterwards, upon motion of the defendant, dissolved the same, and therefore the plaintiff appealed from that order dissolving the injunction and now moves for a temporary restraining order, which is resisted by the defendant upon the ground that the plaintiff has not legal capacity to sue, because:

1st. The Municipal Code of 1902 abolished hamlets and classified all municipal ·corporations as cities and villages.

2d. The repeal of Sections 1550 and 1552 of the Revised Statutes left no legislative basis for the existence of a hamlet.

3d. The sections of the Revised Statutes pertaining to hamlets are unconstitutional and void.

## I.

The first section of the Code provides that "All municipal corporations which, at the last federal census had a population of five thousand or more, shall be cities; all other municipal corporations shall be villages."

The purpose of this provision was not to destroy any existing municipal corporation, but to include all in two classes.

The classification of certain villages as hamlets was abolished, ·but their legal existence as municipal corporations, if such they were, continued undisturbed, although they were no longer known as hamlets, but as villages.

It required no act of the corporation of North Bend to effect the transfer from one class to the other, althought its organization as a village had not been attempted by the electors. It follows, therefore, that the plaintiff corporation is improperly designated a hamlet, since it has by operation of law become a village; but this is a mere misnomer which does not change substantially the claim of plaintiff, and may be amended under Section 5114, Revised Statutes. Section 213 of the Code provides that "All officers * * *

shall remain in their respective offices and employments, and continue to perform the several duties thereof under existing laws * * * until their successors are chosen and qualified, or until removed by the proper authority."

While this section effectually provides for a continuance of the life of the corporation, we see no reason to apprehend that it may be made perpetual. It contemplates the removal of the officers and there is ample provision in the statutes to compel a reorganization of the corporation in accordance with the Code.

## II.

The repeal of Sections 1550 and 1552, Revised Statutes, prevented the creation of additional hamlets, but did not destroy those already in existence, except in name.

The classification was changed, but the corporation itself survived, subject, however, to reorganization under the class to which it, according to its population, belonged. The same act by which these sections were repealed provided for the classification of all municipal corporations under two heads, and it seems clear that the Legislature intended to include hamlets as well as all other municipal corporations in such classification.

## III.

It is contended further that the statutes pertaining to the creation of hamlets are unconstitutional and void, and that, therefore, there was no such municipal corporation as a hamlet when the Code was enacted.

In the case of *State, ex rel Kinsely et al*, v. *Jones et al*, 66 O. S., 453, which is relied on by counsel for defendant, the precise question involved and decided is that an act to confer corporate power upon a *single* city by such classification as the statutes then provided is repugnant to Section 1, Article XIII of the Constitution, which ordains that "The General Assembly shall pass no special act conferring corporate power."

Many corporations other than North Bend are included in the class of hamlets, and the statutes pertaining thereto evince no pur-

pose on the part of the General Assembly to prevent others from entering that class.

The court in the case just cited does not condemn all classification other than that making two classes of cities and villages, but on the contrary is careful to state that "Whether the provisions of the sixth section of Article XIII ordaining that 'The General Assembly shall provide for the organization of cities and incorporated villages by general laws' is an exclusive classification of municipalities into cities and villages we do not determine."

We are unwilling, therefore, upon this preliminary hearing, to hold that hamlets had no constitutional existence, and the motion for a temporary restraining order will be granted.

In case No. 3837 the allegations in the petition of the danger to public travel under the proposed bridge ought to be more definite and certain, but enough is averred to warrant the conclusion that the construction and operation of a railroad over and above the street will probably be dangerous to the use of the street and become a nuisance unless controlled and regulated by municipal authority. The ownership of the land abutting both sides of the street no more divests the trustees of the hamlet of control over the entire street than the ownership of the land abutting one side deprives them of control over one half.

*Edward J. Dempsey* and *Stanley Struble,* for plaintiff in error.

*Peck, Shaffer & Peck* and *Shepherd & Shaffer,* for defendant in error.